**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
ROBERT COLLINS,                            :
                                           :
                    Plaintiff,             :   Civil Action No.: 10-cv-03470
                                           :
v.                                         :   **OPINION**
                                           :
FEDERAL BUREAU OF INVESTIGATION,           :
                                           :
        *et al*,                           :
                                           :
                    Defendants,            :
_____:

**WOLFSON,  United States District Judge:**

Plaintiff Robert Collins ("Plaintiff" or "Collins"), *pro se*, brings the instant action against various federal, state and municipal law enforcement agencies alleging violations of his constitutional rights. Plaintiff's First Amended Complaint ("Complaint") sets forth a cause of action against Defendants for intentionally violating Plaintiff's constitutional rights, specifically, for violation of the First Amendment right to free speech, violation of the Fourth Amendment, violation of the Fourteenth Amendment, and also asserts a cause of action against Defendant Federal Bureau of Investigation ("FBI") for violating Plaintiff's rights under the Privacy Act, 5 U.S.C. §552a.[1]  Presently before the Court is a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively for a more definite statement pursuant to Fed. R. Civ. P. 12(e), brought by the Department of Homeland

---

[1]    Plaintiff also asserts these claims against multiple unknown employees and agents of the various federal, state and municipal law enforcement agencies as well as twenty-five fictitious John Doe defendants.  The Court will refer to the unknown state employee defendants collectively as "the State Defendants."

1

Security ("DHS") and FBI (collectively, "Federal Defendants") a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), brought by the Ocean County Prosecutor's Office and the Ocean County Sheriff's department (collectively, "County Defendants"), and a motion for default judgment brought by Plaintiff against the State Defendants.  For the reasons stated below, the Federal Defendants' motion to dismiss is GRANTED, the County Defendants' motion for judgment on the pleadings is GRANTED, Plaintiff's motion for default judgment is DENIED and, Plaintiff shall have 30 days from the date of the Order accompanying this Opinion to amend his Complaint.

## I. BACKGROUND

### A.  Facts

When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.  See Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Nevertheless, much of what Plaintiff alleges in the Complaint is irrelevant and unrelated to his claims.  As such, only the facts relevant to Plaintiff's claims are set forth below.

In general, Plaintiff alleges that "[s]ince approx. October of 2006 until the present, [he] has been constantly harassed by agents or employees of the government as well as by others, who have aided and abetted, acquiesced in, and or acted in concert and complicity with agents of the federal, state, county, or local law enforcement authorities and others act [sic] under color of law or legal authority"

and violated Plaintiff's "clearly established rights" under the First, Fourth and Fourteenth Amendments.  Compl. at ¶39.  Additionally, Plaintiff asserts that the "FBI and other law enforcement agencies have deprived Plaintiff of employment, … as well as allowing Plaintiff to be harassed at various jobs … by leaking defamatory and erroneous information about Plaintiff's character and other information … to Plaintiff's various employers" and co-workers in violation of Privacy Act, 5 U.S.C. 552a.  Id. at ¶¶2, 5.

Between February 2006 and November 2006, Plaintiff was employed by Princeton University, in Princeton, New Jersey.  Compl. ¶17.  Plaintiff asserts that "[o]ne of the first official acts the government undertook in this case was for agents of the government to move Plaintiff's motor vehicle from one parking space to another parking space while Plaintiff was working inside of a building at Princeton University."  Id. at ¶6.  On another occasion while Plaintiff was jogging on Long Beach Island, New Jersey, Plaintiff alleges that agents of the government entered "Plaintiff's locked vehicle and [ripped] a piece of ceiling fabric from Plaintiff's vehicle and drape[d] the ceiling fabric across the steering column of Plaintiff's vehicle."  Id. at ¶6.

Plaintiff further alleges that, in or about April 2006, Plaintiff attempted to contact the FBI field office in Red Bank, New Jersey regarding five-gallon buckets of radioactive waste he found while employed at Princeton University.  Id. at ¶30.  Plaintiff asserts that he spoke with an agent but "never gave the information to the agent due to the agent's attitude."  Id.  Instead, Plaintiff contacted Captain Larry Parker of the Stafford Township Police Department located in Manahawkin, New

3

Jersey. Id. Parker declined to meet Plaintiff in person and advised him over the phone that his Chief Tom Conroy contacted the FBI on Plaintiff's behalf, and that an agent would call Plaintiff. Id. Subsequently, Plaintiff was contacted by FBI Special Agent Rex Shark, who went with another agent to Plaintiff's residence at 444 Dock Road in West Creek, New Jersey. Id. According to Plaintiff, Agent Shark looked at the pictures, expressed his displeasure and asked Plaintiff if he would go back to Princeton University and work for the FBI. Id. Plaintiff said he was willing, but told Agent Shark about the problems he experienced while previously employed at the university. Id. In addition, Plaintiff provided both agents with information he obtained from another janitor named "PIA" regarding anthrax. Id. Plaintiff also authorized the agents to search his home, car and anything else, but the agents declined. Id.

### B. Procedural History

Plaintiff filed his first Complaint in the instant action on July 14, 2010. Thereafter, the Federal Defendants filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement under Fed. R. Civ. P. 12(e). After the Federal Defendant's motion was filed, Plaintiff submitted his First Amended Complaint on September 22, 2010. The Federal Defendants then moved to dismiss that complaint.[2] Shortly thereafter, the County Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), also with respect to the First Amended Complaint. Thus, the Court's analysis of both

---

[2] Because the Federal Defendants moved, again, after Plaintiff's Amended Complaint was filed, the Court addresses only the motion to dismiss the Amended Complaint in this Opinion.

the Federal Defendants' and County Defendants' motions will focus on the First Amended Complaint as opposed to the initial complaint. In addition, Plaintiff has moved for default judgment against the State Defendants.

## II. STANDARD OF REVIEW

### A. 12(b)(6)

The Federal Rules of Civil Procedure provide that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The purpose of a complaint is "to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader and, in the case of an affirmative pleading, the relief being demanded." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1182 (3d ed. 2004).

In reviewing a motion to dismiss for failure to state a claim under 12(b)(6), a Court must take all allegations in the complaint as true, viewed in the light most favorable to the plaintiff "and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court "retired" the language in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at

561 (quoting Conley, 355 U.S. at 45-46). Rather, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555. The Third Circuit summarized the pleading requirement post-Twombly:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element.'

Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that the Twombly standard applies to all motions to dismiss, the Supreme Court recently further clarified the 12(b)(6) standard. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950. Accordingly, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. In short, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). This means that, "[f]or

example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id.  That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. (quoting Iqbal, 129 S.Ct. at 1953).

### B. 12(c)

The standard that a court applies on a motion for judgment on the pleadings pursuant to Rule 12(c) is the same standard that a court applies in deciding a motion to dismiss pursuant to Rule 12(b)(6).  Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991) (noting that under Fed. R. Civ. P. 12(h)(2) "a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings" and in such a "situation, [the court applies] the same standards as under Rule 12(b)(6)) (citations omitted); see also Spruill v. Gillis, 372 F.3d 218, 223 n. 2 (3d Cir. 2004).

### C. 12(e)

Rule 12(e) provides that a party may seek a more definite statement "if a pleading . . . is so vague or ambiguous that [the] party cannot reasonably be required to frame a responsive pleading."  See also Frazier v. Southeastern Pennsylvania Transp. Auth., 868 F. Supp. 757, 763 (E.D. Pa. 1994).  Although a plaintiff is not required to provide detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (internal quotations and citations omitted).  Rather, the complaint must set forth "enough factual matter (taken as

true) to suggest" the required elements of a cause of action.  Id. at 556.  Rule 10(b) further requires that the complaint set forth the "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b). "The prevailing standard employed by the Third Circuit is to grant a Rule 12(e) motion 'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'"  Idearc Media Corp. v. Advanced Directory Sales, Inc., 2009 U.S. Dist. LEXIS 53782, 2009 WL 1803907, *2 (D.N.J. 2009) (internal citations omitted).  Motions for a more definite statement are disfavored, and are generally limited to remedying unintelligible, rather than insufficiently detailed, pleadings.  Resolution Trust Co. v. Gibson, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993).

### III. DISCUSSION

At the outset, the Court recognizes that Plaintiff appears *pro se*, and therefore will construe his submissions liberally.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) ("A document filed *pro se* is "to be liberally construed") (citing Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976) reh'g denied 429 U.S. 1066, 97 S. Ct. 798 (1977)).

Plaintiff's Complaint alleges that Defendants "intentionally violated [his] constitutional rights," "deprived [him] of employment," "allow[ed] Plaintiff to be harassed," and "leak[ed] defamatory and erroneous information about Plaintiff[]" to his employers.  See Compl. at ¶¶1-2.  Plaintiff asserts causes of action against the Federal and County Defendants, in their individual and official capacities, and

invokes the Court's jurisdiction under 28 U.S.C. §1331 (federal question); §1343(a)(3) (deprivation of constitutional rights under color of state law); 5 U.S.C. §§552a(g)(1)(D) and (g)(4) (Privacy Act); 42 U.S.C. §1983 (deprivation of constitutional rights under color of state law); and <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) (deprivation of constitutional rights by federal employees/officers).

As for Plaintiffs' motion for default judgment, Plaintiff served the New Jersey Division of Law with a copy of his complaint. However, the Division of Law refused acceptance of service, noting that it "is not authorized to accept service on behalf of unidentified members of the Division of Criminal Justice [or] the State Police." Letter from Christina M. Glogoff, Esq. dated Sept. 8, 2010. Prior to bringing a motion for default judgment, a plaintiff must first obtain an entry of default from the Clerk's office. See Fed. R. Civ. P. 55(a); <u>Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc.</u>, 175 Fed. Appx. 519, 521, n.1 (3d. Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of default as provided by Rule 55(a)."). Plaintiff did not obtain an entry of default from the Clerk's office, thus, his motion for default judgment must be denied.

Importantly, the Court further notes that service cannot be properly effectuated upon the unknown State Defendants. Thus, Plaintiff shall be given 30 days from the date of the Order accompanying this Opinion to substitute names of Defendants and, if the Plaintiff fails to do so, the claims against the State Defendants will be dismissed without prejudice.

As the standard for analyzing a motion to dismiss pursuant to Rule 12(b)(6) is the same as a motion for judgment on the pleadings under Rule 12(c), the Court's analysis applies equally to both the Federal Defendants' and County Defendants' motions.  See Turbe, 938 F.2d at 428.  For the reasons that follow, the Court finds that Plaintiff's Complaint fails to state a claim for relief against the Federal or County Defendants in either their individual or official capacities.

Before addressing each of Plaintiff's claim, the Court notes that Plaintiff has named the FBI as a defendant even though his constitutional claims are against unknown *agents* of the FBI.  It is axiomatic that a federal agency may not be held liable under the doctrine of respondeat superior for the actions of its employees. Iqbal, 129 S.Ct. at 1948 (noting, in discussing Bivens claims, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior ").   Thus, Plaintiff's claims against the FBI must be dismissed.

### A. Count I – Violation of the First Amendment right to free speech

In the first count of the Complaint, Plaintiff alleges "unknown agents of the FBI, DHS, NJSP, OCPO, OCSD and others sought to punish and retaliate against Plaintiff while Plaintiff was delivering newspapers and at other times for discussing with Thomas Cahill information which had been supplied to Plaintiff by S. Karl Mohel, Esq. about Terrence Farley, Esq. being involved in CDS related activities, and orchestrating Plaintiff's and Cahill's job loss as police officers and sought to chill Plaintiff's future exercise of [his First Amendment right of free speech]."  Compl. at ¶42; see also Compl. at ¶¶28, 29.  Plaintiff asserts that in so doing, "[a]ll individual

10

defendant's [sic] were acting under color of law or legal authority" and brings suit against the individual defendants in their individual capacities pursuant to Bivens and 42 U.S.C. §1983.  Both the Federal and County Defendants argue that Plaintiff fails to state a claim because Plaintiff has not named any individual federal or county employees as defendants and, further, has not sufficiently factually plead under Fed. R. Civ. P. 8(a).  The Court agrees.

Section 1983 creates a cause of action against "every person who, under color of any [state law] … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. §1983. "The Third Circuit has recognized that 'Bivens actions are simply the federal counterpart to §1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other."  Wright v. Evans, 2009 U.S. Dist. LEXIS 23126, *24 (D.N.J. Mar. 24, 2009) aff'd Wright v. DEA, 354 Fed. Appx. 608 (3d Cir. 2009) (citing Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004)); see also Batiz v. Fed. Corr. Inst., 2010 U.S. Dist. LEXIS 98597, *8 (D.N.J. Sept. 19, 2010) ("Bivens actions are analogous to suits under 42 U.S.C §1983 against state officials…" and although "not 'precisely parallel;' … there is a 'general trend' to incorporate §1983 law into Bivens suits") (citing Egervary, 80 F. Supp. 2d 491).  In order to maintain a Bivens claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.

Here, Plaintiff has not named any individual federal, state or Ocean County employee as a defendant.[3] In addition, the Complaint fails to plead how any individual federal or county employee's individual action violated Plaintiff's First Amendment right to free speech. In sum, Plaintiff does not parse out or identify any specific actions taken by any individual defendant.

Furthermore, Fed. R. Civ. P. 8(a) requires "a short and plaint statement of the claim showing that the pleader is entitled to relief." To satisfy Rule 8(a)(2), the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.

Although Plaintiff asserts that following his conversation with Cahill, "the agencies came after Plaintiff with a fervor," Compl. at ¶29, the Complaint fails to provide any information concerning who came after him, what was done, or how his First Amendment rights were chilled. Without identifying or describing who acted against Plaintiff or what that person or persons did, the Complaint fails to give either the Federal or County Defendants "fair notice of what the … claim is and the grounds upon which it rests. Twombly, 550 U.S. at 555, n.3. Thus, the instant

---

[3] Although Plaintiff identifies some individual employees of the DHS, OCPO and OCSD in his "Motion in Opposition to dismiss" (Dkt. Entry. 25), this is insufficient to save his claim. It is axiomatic that a plaintiff may not use arguments in his brief to amend his complaint. Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988); see also Francis v. Joint Force Headquarters Nat'l Guard, No. 05-4882, 2009 U.S. Dist. LEXIS 2755 (D.N.J. Jan. 12, 2009). Moreover, Plaintiff's briefing still does not identify what actions any of the individuals took.

Complaint presents the type of situation where "the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Accordingly, Count I of the Complaint is DISMISSED.

### B. Count II – Violation of the Privacy Act, 5 U.S.C. §552a(b) against FBI

Pursuant to the Privacy Act, 5 U.S.C. 552a(b), "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, except pursuant to a written request by or with the prior consent of, the individual to whom the record pertains" unless disclosure meets one of twelve enumerated exceptions.  5 U.S.C. §552a(b).  Plaintiff asserts that the FBI maintains a "system of records"[4] which includes "records"[5] that pertain to Plaintiff.  Compl. at ¶46.  Plaintiff further alleges that the "FBI has intentionally and willfully disclosed 'records' pertaining to Plaintiff from within the system of records to other individuals and or agencies without Plaintiff's prior wr8itten [sic] approval" and these "intentional, willful, and unauthorized disclosures have had an adverse effect on Plaintiff's ability to earn a living as well as to function in a workplace

---

[4]  §552a(a)(5) defines "system of records" as: "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual."

[5]  §552a(a)(4) defines "records" as: "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph"

environment which due to the FBI's disclosures have caused harassment both in and out of the workplace." Compl. at ¶¶47-48.

Plaintiff's Privacy Act claim is exactly the sort of "formulaic recitation of elements" Twombly proscribes. There is simply nothing in the Complaint that supports Plaintiff's claim that the FBI collected, maintained or disclosed any records relating to plaintiff. Even if the Court accepts Plaintiff's claim that a listening device was planted in Cahill's residence, and that Plaintiff's conversation was "intercepted," see Compl. at ¶29, nothing in the Complaint provides any details of the alleged violation, such as the type of records maintained or disclosed by the FBI, the circumstances of the disclosure or the undesired recipient of the disclosure. Plaintiff's allegations that the alleged disclosures have caused him to be harassed both in and out of the workplace are similarly vague. Plaintiff's conclusory allegations that the FBI disclosed information about him without consent, without identifying or describing who acted against Plaintiff or what the person did, is insufficient to give Defendants "fair notice of what the … claim is and the grounds upon which it rests. Twombly, 550 U.S. at 555. Accordingly, Count II of the Complaint fails to comply with Fed. R. Civ. P. 8(a)(2)'s requirement to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and is DISMISSED.

### C. Count III – Violation of the Fourth Amendment

The third count of the Complaint alleges that "[u]known agents of the FBI, DHS, NJSP, OCPO, OCSD, and others" violated Plaintiff's Fourth Amendment rights by "enter[ing] Plaintiff's vehicle at Princeton University with the intent to commit an

14

offense (harassment) and mov[ing] Plaintiff's vehicle from one parking space to another." Compl. at ¶51. Plaintiff also alleges that "[u]nknown agents of the FBI, DHS, NJSP, OCPO, OCSD, and others, entered Plaintiff's vehicle while parked in Holgate on Long Beach Island, N.J., and while Plaintiff was jogging, with the intent to commit an offense (malicious mischief, and harassment) and then ripped a piece of ceiling fabric from Plaintiff's vehicle ... and draped the fabric over the steering column of Plaintiff's vehicle." Id. Plaintiff asserts that "[a]ll the individual defendant's [sic] were acting under color of legal authority or under color of law" and seeking damages against them in their individual capacities pursuant to Bivens and 42 U.S.C. §1983 and injunctive and declaratory relief against Defendants in their individual and official capacities. Defendants again argue that the Complaint contains insufficient factual matter to state a facially plausible claim for violation of Plaintiff's Fourth Amendment rights. The Court agrees.

With respect to the FBI officers, although Plaintiff's allegations that his car was entered, moved, and a piece of ceiling fabric was torn, Compl. at ¶¶6, 51, arguably amount to a claim in tort, Plaintiff nevertheless fails to identify what government agent undertook such acts. As such, the Complaint leaves it open to interpretation whether Count III is brought against the federal, state, county or local government defendants. Indeed, the Complaint itself makes clear that these acts took place while Plaintiff was absent, either at work or jogging, and thus, he did not personally observe who entered his car on either occasion. See Compl. at ¶¶6, 51. In response, Plaintiff argues that the Complaint should not be dismissed because "one can infer that law enforcement probably was involved in entering [his]

15

vehicle." However, Plaintiff's position is inconsistent with Rule 8(a)'s requirement that "a complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-232. Without identifying any person or persons, acting under color of law, responsible for entering Plaintiff's car on either occasion, Plaintiff's conclusory and speculative claim fails to put Defendants on notice of the alleged wrongdoing. Accordingly, Count III of the Complaint is DISMISSED.

### D. Count IV – Violation of the Fourteenth Amendment

Count IV alleges that "[u]nknown agents or employees of the FBI, DHS, NJSP, OCPO, OCSD, and others" violated the Fourteenth Amendment by "depriv[ing] Plaintiff the equal protection of the laws." Compl. at ¶53. Specifically, Plaintiff asserts that Defendants "failed to properly investigate citizens surveilling Plaintiff carrying billyclub [sic], when defendants allowed Lamicella to threaten Plaintiff, refused to investigate burglaries to Plaintiff's vehicle and other circumstances." Id. Plaintiff asserts "all defendants were acting under color of law or color of legal authority" and brings suit against Defendants in their individual capacity pursuant to Bivens and 42 U.S.C. §1983 and also seeks injunctive and declaratory relief against Defendants in their individual and official capacity. Id. Defendants again argue the Complaint fails to allege sufficient factual detail to state a claim for which relief can be granted and should be dismissed. The Court agrees.

Plaintiff fails to provide sufficient factual detail to support any of the claims made in Count IV. Specifically, Plaintiff fails to plead any factual matter to establish specifically harmful actions. Nor does Plaintiff plead a causal connection between

such actions and any alleged harm that resulted. Much like his other claims, Plaintiff's broad allegation that multiple, unknown federal, state and county agencies and employees deprived him of equal protection of the laws fails to provide enough factual content to allow the Court, to draw the reasonable inference that either the Federal or County Defendants are liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Accordingly, Count IV of the Complaint is DISMISSED.

### IV. CONCLUSION

For the reasons stated above, the Court finds that the Complaint fails to comply with the pleading requirements set forth by Fed. R. Civ. P. 8(a), Iqbal and Twombly. As such, Plaintiff fails to state a claim upon which relief can be granted for violation of the First Amendment right of free speech, the Privacy Act, 5 U.S.C. §552a, the Fourth Amendment or the Fourteenth Amendment. Accordingly, Plaintiff's claims are dismissed without prejudice, and, Plaintiff will have 30 days in which to amend his Complaint, identify individual defendants, and the actions taken by each such defendant.

Dated: April 28, 2011

                                                             _/s/ _Freda L. Wolfson_____
                                                             Hon. Freda L. Wolfson, U.S.D.J.